**UNITED STATES of America, Plaintiff,**

v.

**M. C. WILLIAMS, Defendant.**

**Civ. A. No. 74–171–P.**

United States District Court,
S. D. Alabama, S. D.

June 24, 1974.

---

Edward J. Vulevich, Jr., Asst. U. S. Atty., S. D. Ala., Mobile, Ala., for the plaintiff.

Charles H. Erwin, Mobile, Ala., for the defendant.

## ORDER GRANTING ENFORCEMENT OF INTERNAL REVENUE SERVICE SUBPOENA

PITTMAN, Chief Judge.

This suit, filed by the United States on April 22, 1974, seeks enforcement of an Internal Revenue Service (IRS) subpoena issued to defendant on March 12, 1974. The subpoena orders the defendant to produce certain designated records of the M. C. Williams Contracting Co., Inc., which are needed for investigation of the corporation's tax forms for taxable years 1972 and 1973. On the date specified, the defendant failed to appear and to produce the records requested and this suit was initiated. By order dated April 22, the court instructed defendant to comply with the subpoena on May 9. Failing to do so, defendant was ordered to appear before the court on May 30, 1974, and show cause why the court should not order enforcement of the subpoena.

Counsel for both parties appeared on May 30 for a hearing on the enforcement question. Testimony was to be offered, however, after questioning by the court it was agreed between the parties that the relevant facts could be stipulated. Both sides were granted leave to file legal briefs and this cause was taken under submission.

The facts may be briefly summarized. In September 1973, the examination of the corporation's returns for the relevant years was assigned to IRS Agent Alan Bill. He contacted Mr. Williams who referred Agent Bill to his accountant, John R. Dees. On October 1–3, Agent Bill was given access to the corporation's books at the offices of Mr. Dees. During that time, the agent spent approximately fifteen hours reviewing the corporate records. All material that he requested was made available to him. Further discussions were held between Dees and Bill as to various aspects of the agent's report to his superiors. The defendant and the IRS field agent agreed to submit a proposed settlement to IRS superiors. It was filed and IRS form 4549 (see exhibits) was signed by the defendant Williams on November 2, 1973. On or about February 13, 1974, the report was returned to Agent Bill by the IRS Review Staff with instructions to obtain further information. The defendant balked at supplying further information and the proceedings in this court ensued.

Despite their purported agreement to stipulate to relevant facts, the parties have taken opposite positions on at least one proposition. Defendant contends at least twice in his legal memorandum that Agent Bill stated after his October investigation that the audit had been completed. The government denies that this representation was ever made. The court notes, as pointed out by government counsel, that the form signed by defendant states that the report "is *subject to acceptance* by the District Director." (Emphasis added.) The court resolves this factual dispute in favor of the Unit-

ed States and finds that no assurance was given that the audit was completed.

The government brought this suit pursuant to 26 U.S.C. §§ 7402 and 7604. The defendant relies on 26 U.S.C. § 7605(b)[1] which provides that taxpayers will be protected against unnecessary examinations and investigations. It further provides that only one inspection for each taxable year will be allowed unless the IRS issues written notice that additional inspections are needed. Defendant contends that an inspection was concluded in October 1973, and the attempt to examine the books of the corporation at this time constitutes a new inspection which requires written notice. The government has not given notice but contends that the investigation begun in October 1973 remains open and incomplete and therefore, no notice is required. There are few cases construing the section of the Code in question, but the parties have discussed virtually all of the opinions which have been published. Nonetheless, in a case considered by neither party, the Fifth Circuit has recently considered § 7605(b) in an exhaustive opinion which is controlling here.

A consideration of the opinion in United States v. Schwartz, 469 F.2d 977 (5th Cir. 1972), leads the court to conclude that the subpoena should be enforced. In *Schwartz,* the IRS Agent examined the corporate books exhaustively for several days in 1969. Due to the taxpayer's recalcitrance at a later date in 1970, a court order was necessary to provide continued access to the corporate records. During the course of the investigation, the taxpayer again refused to turn over certain records on the basis that they were not covered in the court's order. The United States again sought judicial enforcement of its subpoena. The taxpayer contended that examina-

tion of the requested materials would be a second inspection and was therefore barred by § 7605(b). Stating that the section in question must be liberally interpreted, the Circuit reversed the District Court order denying enforcement. The court states the "one inspection" clause in the statute must be read in pari materia with the opening clause: "No taxpayer shall be subject to unnecessary examination or investigations." *Id.* at 983.

The taxpayer herein has contended that the agent has had access to all its records once and therefore any further examination must be preceded by notice. In this regard, the court states:

> [I]t seems apparent that for the court to construe this statute as contended for by [taxpayer], an agent or special agent could not see the same books more than once *during a continuing investigation* without . . . giving written notice for each day's "look" at the books. We do not believe the use of the word "inspection" in Section 7605(b), as contrasted with the words "unnecessary examination or investigations" can be so restricted as to mean that there is an "inspection" every time the agent, . . . looks at a book of account of a taxpayer. The word "inspection" must, in all reason, have some relation to the activities of the agents in making the examination authorized by the statute. *Id.* at 983.

Applying this construction of the statute, this court notes that the initial audit of the taxpayer's returns has not been completed. The taxpayer was aware of the possibility that the agreement entered into with the field agent might not be approved by the District Director. Now, the agent seeks to review the books in the course of a *con-*

1. (b) Restrictions on examination of taxpayer.—No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

*tinuing investigation* in order to complete his audit and ascertain the correct tax liability.

The court in *Schwartz* attaches significance to the fact that the IRS Regulations deal "with the matter of a second inspection on the assumption that it relates to an inspection following the closing of an examination by the agents." *Id.* at 984. In the case at bar, the audit has not been completed because the agent's report has not been accepted by his superiors. As the court in *Schwartz* points out, to require written notice for each day's inspection during a continuing investigation could easily frustrate the simplest investigation. In concluding the court discusses the meaning of the terms "inspection" and "investigation." The court cites with favor United States v. Crespo, 281 F.Supp. 928 (D.Md.1968), which equated the terms "inspection" and "investigation." In *Crespo*, the court noted that an agent might need to see certain books more than once during his investigation. It was held that as long as an investigation had not been completed, the re-examination would not be a second inspection within the statutory terms. The Fifth Circuit agreed with the *Crespo* court's characterization of the word "inspection." *Id.* at 985.

On the basis of the construction given § 7605(b) in *Schwartz,* the court concludes that the investigation has not been completed and the attempt to further examine taxpayer's books is not a second inspection so as to require written notice. Any other decision would delay the completion of the audit of the taxable years in issue and frustrate the enforcement of the nation's tax laws.

It is therefore ordered, adjudged, and decreed that the subpoena issued by the Internal Revenue Service on March 12, 1974, should be enforced, and the defendant is hereby ordered to comply with its terms.

Costs are taxed against the defendant.